WhitaKER, Judge,
concurring in result:
I think plaintiff is entitled to recover the pay he lost from January 6, 1946, to May 22,1946, because, under the regulations of the Department of Commerce, the Director of the Bureau of the Census had no authority to discharge him. It has been known since the foundation of the Government that *801 a department head has the right to designate those in his department who should have the right to discharge subordinate employees. This was not first pronounced in Service v. Dulles, 354 U. S. 363. The Secretary of Commerce had not given the Director of the Census such authority ; and, hence, plaintiff’s discharge by him was a nullity, and he is entitled to draw his pay to the full extent he would have been entitled to do so in the absence of the action of the Director of the Bureau of the Census.
The decision in Watson v. United States, 142 C. Cls. 749, has nothing to do with this case. I am still of the opinion expressed in my dissent in that case.
LaRAmoee, Judge, joins in. the' above concurring opinion.
MaddeN, Judge, took no part in the consideration and decision of this case.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on April 3, 1959, that judgment for the plaintiff be entered for $6,769.91.